# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID PESHLAKAI, DARLENE THOMAS,
CHARLES REYNOLDS AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATES OF DEL LYNN PESHLAKAI
(DECEASED) AND DESHAUNNA PESHLAKAI
(DECEASED), DANELL PESHLAKAI, DARNELL
PESHLAKAI, SHAWN BEGAY, DELACEY
PESHLAKAI, and DAVID PESHLAKAI, JR.,

        Plaintiffs,

vs.                                                                      No. CIV 13-0752 JB/ACT

JAMES RUIZ, GILBERT MENDOZA, AMREST, LLC
d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,
and APPLEBEE'S INTERNATIONAL, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Applebee's International, Inc.'s Motion for Protective Order and Request for Emergency Hearing, filed in state court January 22, 2013, filed in federal court September 10, 2013 (Doc. 38-9)("Motion").  The Court held a hearing on November 21, 2013.  The primary issue is whether the Court will extend Defendant Applebee's International, Inc.'s deadline to produce certain documents, as the state court ordered it to do.  The Court will grant the Motion, subject to the parties' agreements at the hearing.

## FACTUAL BACKGROUND

The Court takes its facts from the Plaintiffs' Third Amended Complaint for Wrongful Death, Personal Injuries, Loss of Consortium and Other Damages, filed in state court January 16, 2013, filed in federal court August 14, 2013 (Doc. 2-1)("Complaint").  Two restaurants in Santa Fe, New Mexico -- Applebee's Neighborhood Grill and Bar, and the Blue Corn Café and

Brewery -- served alcohol to Defendants James Ruiz and Gilbert Mendoza, as well as non-party Veronica Castro, despite that it was reasonably apparent that they were drunk.  See Complaint ¶¶ 26-29, at 4-5.  Ruiz, Mendoza, and Castro then got into Mendoza's car, with Ruiz driving -- until he crashed into a vehicle that carried Plaintiffs David Peshlakai and Darlene Thomas, who lived together as common-law husband and wife, and their daughters DeShauna and Del Lynn Peshlakai.  See Complaint ¶¶ 30-31, at 5; id. ¶¶ 81-84, at 16.  The crash badly injured David and Darlene, and it killed Del Lynn and DeShauna, who were then nineteen and seventeen years old. See Complaint ¶¶ 1-2, at 1.  Ruiz ran away without trying to help the family.  See Complaint ¶¶ 32, at 2.

## PROCEDURAL BACKGROUND

The Plaintiffs allege seven causes of action in their Complaint.  Against Defendants Applebee's International, Inc. and AmRest, LLC, they bring: (i) common-law and statutory dram-shop liability claims, see Complaint ¶¶ 33-48, at 8-9; and (ii) negligence claims related to alcohol marketing and distribution, see Complaint ¶¶ 49-58, at 9-12.  Regarding the individual Defendants, the Plaintiffs bring: (i) negligence and negligence per se claims against Ruiz and Mendoza related to driving while intoxicated, see Complaint ¶¶ 59-68, at 12-14; and (ii) a negligent-entrustment claim against Mendoza for allowing Ruiz to drive Mendoza's vehicle while intoxicated, see Complaint ¶¶ 69-79, at 14-15.  Against all Defendants, (i) David Peshlakai and Darlene Thomas bring a negligent infliction of emotional distress claim, see Complaint at ¶¶ 80-85, at 15-16; and (ii) all Plaintiffs bring a loss-of-consortium claim, see Complaint ¶¶ 86-89, at 16-17.

The Defendants removed this case to federal court on August 14, 2013.  See Notice of Removal, filed August 14, 2013 (Doc. 2).

On December 21, 2012, the Honorable Stephen Pfeffer, Judge of the First Judicial District, State of New Mexico, held a hearing on the Plaintiffs' Rule 1-037 Motion to Compel Discovery Responses, filed in state court July 13, 2012, filed in federal court September 10, 2013 (Doc. 33-10)("Motion to Compel"), and orally ordered Applebee's International to produce, among other information, certain documents related to customer complaints between 2006 and 2010, and certain marketing records, Judge Pfeffer's Oral Order, issued December 21, 2012. See Motion at 1, 4.

Applebee's International moves the Court for a "Protective Order with respect to the Court's Order of Amended Responses and Production of Documents in Response to Plaintiffs' Request for Production."  Motion at 1.  According to Applebee's International, the search for these documents has been time- and resource-intensive, because "the volume and scope of the requests has resulted in the potential production of tens of thousands of documents."  Motion at 1-2.  Given the many logistical obstacles involved in producing this volume of documents, Applebee's International asks the "Court to issue a Protective Order granting Applebee's an additional three (3) weeks to gather, review and supplement its discovery responses."  Motion at 2.  In Applebee's International's view, there is good cause to issue a Protective Order, because Applebee's International had not designed its internal record-keeping systems to comply with this request, and it had to come up with an ad hoc solution to comply with the request:

> With regard to the customer complaints, Applebee's International conducted a search of its database for any customer service complaint reports ("complaint reports") as directed by the Court, for the period of 2006-2010.  Because these reports are not kept by subject for this entire period, a term search was required and the search included the terms "Brewtus", "beer", "alcohol" and "liquor".  That search produced 13,048 complaint reports, each of which would have had to be printed or saved one-by-one because the database is not structured to permit a group downloading of these reports.  Applebee's International estimates that it would take at minimum, 434.93 hours of staff time to print these reports.  This would be nearly eleven weeks of a full-time employee's time.

- 3 -

> With regard to marketing materials, Applebee's International assigned six marketing department members to search for and locate responsive documents on a national basis.  This was quite a large task, but Applebee's believes it will be able to produce those documents on or before January 24, 2013.

Motion at 4-5.  Applebee's International contends that it "and its counsel have been working non-stop and diligently to comply with the Court's Order but due to the voluminous nature of the search and potential production it simply does not have time to complete the task"; it therefore asks for a Protective Order extending the production deadline by three weeks.  Motion at 5.

The Plaintiffs argue that Applebee's International has failed to show good cause to issue the requested Protective Order, because "[t]he 'cause' for Applebee's current predicament is its own dilatory conduct and lack of good faith."  Response to Defendant Applebee's International Inc.'s Motion for Protective Order at 1, filed in state court January 23, 2013, filed in federal court September 9, 2013 (Doc. 35-7)("Response").  According to the Plaintiffs,

> it is evident from the transcript of the hearing on December 21, 2012 that the Court intended for Applebee's to respond even earlier [than January 21, 2013] and only granted it until January 21st to ensure that Applebee's would have access to the transcript from the hearing . . . so that [Applebee's counsel] could review the transcript to ensure that they were complying with the Court's Order.

Response at 2.  Further, the Plaintiffs contend that they "had been seeking the discovery that was the subject of the Court's Order since last April," and they point out that Applebee's International "waited until the day the deadline for compliance with the Court's Order was due to expire to move for an extension."  Response at 2.  The Plaintiffs state that the documents they have requested "are particularly important to Plaintiffs' punitive damages claim . . . because they document whether Applebee's, the franchisor, routinely received consumer complaints regarding service of intoxicated patrons and what, if anything, Applebee's did to address such patterns."  Response at 3.  The Plaintiffs argue that, when Applebee's International stated that it  began

searching for responsive documents "[i]mmediately following the [December 21, 2012] hearing," it "reveal[ed] that Applebee's waited almost nine months from the date that Plaintiffs tendered their discovery requests before it attempted to ascertain whether it even had any information that would be responsive to this request."  Response at 3 (quoting Motion at 1).  In the Plaintiffs' view, "Applebee's should never have lodged unduly burdensome objections without first determining whether it had responsive information and if so, how extensive the information was."  Response at 4 (citing Levitron Mfg. Co., Inc. v. Nicor, Inc., No. CIV 04-0424 JB/LFG, 2006 WL 4061163 (D.N.M. September 18, 2006)(Browning, J.)).   The Plaintiffs contend that Applebee's International has engaged in "extremely dilatory conduct" that "reflects a lack of good faith in responding to discovery."  Response at 5.  The Plaintiffs point out that the parties and the state court had spent time litigating and considering these issues, and that "Applebee's was never able to tell the Plaintiffs or the Court how or why any particular request would be burdensome until now."  Response at 5.

Further, the Plaintiffs contend that the Motion "is procedurally defective because it attaches an Affidavit from Applebee's counsel to support its claim" and that "Affidavit is based on hearsay from unidentified declarants," which leaves the Plaintiffs and the Court without "any way to test the veracity of the claims" in the affidavit.  Response at 5.  The Plaintiffs contend that the Court should order Applebee's International to produce "for deposition in New Mexico an individual who has personal knowledge regarding the 'voluminous' nature of the records that have yet to be produced . . . to determine the extent of the remaining production and what Applebee's has done to timely comply with the Court's Order."  Response at 5.  The Plaintiffs further point out that Applebee's International's actions "affect[] the progress of this case and could impose additional costs on the Plaintiffs."  Response at 6.  For example, the Plaintiffs state,

if the Court extends the deadline as Applebee's International requests, the Plaintiffs will not be able to adequately prepare for key depositions scheduled to take place in mid-February, thereby prejudicing the Plaintiffs.  Response at 6-7.

The Plaintiffs suggest two alternative solutions.  First, they suggest that the Court grant only a one-week extension rather than the three-week extension Applebee's International requests.  Response at 7.  Second, if the Court grants the full three-week extension, the Plaintiffs asks that the Court "order Applebee's to make its 30(b)(6) witnesses available for deposition . . . in Albuquerque rather than Kansas City, Missouri," because the Plaintiffs "should not be forced to expend additional time on out-of-state travel" to compensate for their inability "to review all the discovery that was to have been available well in advanced of the scheduled 30(b)(6) deposition."  Response at 7.  The Plaintiffs ask the Court to issue such an order so they "can use the time they would ordinarily spend in traveling to take the 30(b)(6) deposition to conduct a thorough review of Applebee's untimely production."  Response at 7.  Further, in the Plaintiffs' view, "Applebee's should not be allowed to renotice the deposition of Plaintiffs' liability experts if those experts are unable to review the deposition transcripts of Applebee's 30(b)(6) witness or Applebee's remaining discovery responses in a timely manner."  Response at 7.  The Plaintiffs also ask for costs of briefing the Motion, the Motion to Compel, and the costs of the hearings on those matters, because the Plaintiffs could have avoided those costs if Applebee's International had complied with its obligations earlier or asked for an extension earlier.  Response at 7-8.

In Defendant Applebee's International, Inc.'s Reply in Support of its Motion for Protective Order and Request for Emergency Hearing, filed in state court February 7, 2013, filed in federal court September 10, 2013 (Doc. 35-11)("Reply"), Applebee's International first points

out that the state court was aware that the documents the Plaintiffs requested were voluminous and that, "[t]herefore, there should be nothing surprising about this development during the production of documents."  Reply at 2.  Applebee's International also suggests that the notion that it "should have foregone its valid objections and engaged in time consuming and burdensome discovery in order to object that the discovery was time consuming and burdensome . . . has no merit and completely lacks legal authority."  Reply at 2.  Applebee's International contends that the Affidavit about which the Plaintiffs complain does not render the Motion procedurally defective, because the affiant "obtained this information from his client, a party to this action."  Reply at 4.  Applebee's International argues that the Plaintiffs' request for a deposition is made in bad faith, because, even as the Plaintiffs "cry foul at the additional time requested by Applebee's," they "would delay proceedings by inappropriately demanding a deposition that only serves to increase the delay and associated cost, as well as, [sic] being unsupported by case law."  Reply at 5.  Further, Applebee's International points out, the Plaintiffs have since deposed the source of the Affidavit, where they "were provided and took the opportunity to examine the basis for Applebee's contention the production is unduly burdensome making Plaintiffs [sic] entire argument on the invalidity of the affidavit moot."  Reply at 5.  Further, Applebee's International contends that the extension of time would not prejudice the Plaintiffs, because they previously stated that they would need no more than a week to review the documents; Applebee's International contends that, because the Plaintiffs refused to cooperate with its efforts to find a solution, "any prejudice in delaying this matter . . . was clearly at Plaintiffs [sic] own hands."  Reply at 6.

The Court held a hearing on November 21, 2013.  <u>See</u> Transcript of Hearing, taken

November 21, 2013 ("Tr.").[1]  At the hearing, the Court suggested that Applebee's International had apparently made a good-faith effort to produce the documents and that Applebee's International probably had produced documents by the time of the hearing.  See Tr. at 77:20-78:4 (Court).  The Court indicated that it was inclined to grant the Motion, "deny the motion for any costs . . . , not have any discovery on this, and then if" problems had surfaced at the production stage, deal with those problems at this time.  Tr. at 78:4-15 (Court).

Applebee's International stated that, while it waited for a hearing on the Motion, it had begun working with an outside consultant to facilitate its production, and that it understood that it would be able to provide the documents to the Plaintiffs by the day following the hearing.  See Tr. at 78:16-79:8 (Williams).  The primary outstanding issue, in Applebee's International's view, was that the parties had not worked out a "claw back agreement so [it could] get them to them without having to do a privilege review."  Tr. at 79:8-13 (Williams).  The parties agreed that Applebee's International would produce the documents and conduct the privilege review simultaneously, subject to a clawback agreement that would set a deadline before which Applebee's International must identify a privileged document; after that deadline passes, Applebee's International will not be able to claw a document back.  See Tr. at 79:15-85:11 (Court, Williams, Mowery, Hendler).  The Court also confirmed that, by producing the documents, Applebee's International does not agree that the documents are admissible.  See Tr. at 81:24-82:10 (Court, Williams).

In their response, the Plaintiffs focused on the prejudice that the late production inflicted on them.  See Tr. at 86:12-21 (Kelin, Court).  The Plaintiffs emphasized that they do not believe

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

that Applebee's International made good-faith, reasonable efforts to comply with their request for production. See Tr. at 86:23-87:10 (Court, Kelin). The Court asked how the Plaintiffs would be prejudiced if Applebee's International produced the documents the day after the hearing, as it stated it could do; the Plaintiffs pointed out that they lacked that information for summary-judgment briefing -- which has been completed for some motions -- and their experts -- which have made some disclosures -- lacked the information the documents contain. See Tr. at 87:11-20 (Court, Williams, Kelin). The Court pointed out that, even though the state court overruled Applebee's International's objections to the discovery request and ordered it to produce the documents, it did not assess fees or costs; the Plaintiffs conceded that fact, but said they did not press their prejudice argument before the state court. See Tr. at 88:4-19 (Kelin, Court).

The Court asked if it could cure any prejudice by allowing the Plaintiffs to supplement their summary-judgment briefing; the Plaintiffs switched the Court's focus to their concern about experts, pointing out that, if the Plaintiffs' experts incorporate this new information into their reports, the Defendants may wish to redepose the experts. See Tr. at 89:1-90:5 (Court, Kelin). After some discussion about events that occurred while the case was in state court, the Court indicated that, if an expert amends her report such that the Defendants choose to redepose her, the Defendants must hold the Plaintiffs harmless; if, however, the Defendants choose not to redepose any experts, the parties will have no costs to redistribute. See Tr. at 90:6-95:9 (Court, Kelin, Williams). The Plaintiffs also suggested that the information Applebee's International will produce might affect the depositions which the Plaintiffs had conducted under rule 30(b)(6) of the Federal Rules of Civil Procedure; the Court indicated that the Plaintiffs could address such concerns in a future rule 30(b)(6) deposition. See Tr. at 96:11-98:2 (Kelin, Court). The Plaintiffs emphasized that this information is important to their punitive damages case and their

vicarious liability case, and argued that the case is now delayed, because the Defendants failed to seek out these records earlier; the Court indicated it was reluctant to penalize the Defendants for conduct the Defendants committed before the state court issued its ruling.  See Tr. at 96:11-97:19 (Kelin, Court).  With respect to the summary-judgment briefing, the Court pointed out that any new information would probably benefit the Plaintiffs.  See Tr. at 98:3-19 (Kelin, Court).

The Court indicated that it was inclined to resolve any future prejudice by holding the Plaintiffs harmless, allowing them to supplement their summary-judgment briefing, and allowing them to take additional rule 30(b)(6) depositions, and was inclined to resolve "problems as they come rather than try to predict what problems may come."  Tr. at 98:21-100:21 (Court, Kelin).  The Plaintiffs raised a concern about the deadline for supplementing their expert reports with respect to the information Applebee's International would disclose; the Court set January 10, 2014 as the deadline for such revisions, and stated that if the Plaintiffs are unable to satisfy that deadline, the Court will address that concern at that time.  See Tr. at 100:22 105:5 (Kelin, Court, Mowery, Williams).

## LAW REGARDING PROTECTIVE ORDERS

"Federal district courts have broad discretion over discovery."  Morales v. E.D. Etnyre & Co., 229 F.R.D. 661, 662 (D.N.M. 2005)(Browning, J.).  The trial court has discretion to grant a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure.  See Morales v. E.D. Etnyre & Co., 229 F.R.D. at 663.  Rule 26(c) provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A).  Accord Miller v. Regents of the Univ. of Colo., 188 F.3d 518, 1999

WL 506520, at *12 (10th Cir. 1999)(unpublished)[2](reasoning that "[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").

"It is the party seeking the protective order who has the burden to show good cause for a protective order." Velasquez v. Frontier Med. Inc., 229 F.R.D. 197, 200 (D.N.M. 2005)(Browning, J.).  The party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)(internal quotation marks omitted).

Although rule 26(c) is silent regarding the time within which the movant must file for a protective order, "the United States Court of Appeals for the Tenth Circuit has held that a motion under rule 26(c) for protection . . . is timely filed if made before the date set for production." Montoya v. Sheldon, No. CIV 10-0360 JB/WDS, 2012 WL 2383822, at *5 (D.N.M. June 8, 2012)(citing In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 669 F.2d 620, 622 n.2 (10th Cir. 1982))(internal quotation marks and brackets omitted).

---

[2] Miller v. Regents of the Univ. of Colo. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Miller v. Regents of the Univ. of Colo. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

## ANALYSIS

The Court will grant the Motion.  Applebee's International appears to have made a reasonable effort to comply with Judge Pfeffer's Oral Order.  With respect to the Plaintiffs' requests regarding costs and their concerns about prejudice, the Court will not relitigate issues the state court decided or pre-litigate hypothetical prejudice that might occur, but might not.  The Court will, therefore, deny the request for costs and will alleviate any prejudice to the Plaintiffs only if it occurs.

The Court, therefore, extends Applebee's International's deadline to produce the requested documents to November 22, 2013.  Applebee's International will produce the documents and conduct its privilege review simultaneously, subject to a clawback agreement that will set a deadline of the parties' choosing, before which Applebee's International must identify a privileged document.  After that deadline passes, Applebee's International will not be able to claw a document back.  The Plaintiffs have until January 10, 2014 to supplement their expert reports with respect to the information Applebee's International produces in response to this request.  If the Plaintiffs are unable to satisfy that deadline, the Court will address that concern at that time.

**IT IS ORDERED** that Defendant Applebee's International, Inc.'s Motion for Protective Order and Request for Emergency Hearing, filed in state court January 22, 2013, filed in federal court September 10, 2013 (Doc. 38-9)("Motion"), is granted.

_____
UNITED STATES DISTRICT JUDGE

- 12 -

*Counsel:*

Zackeree S. Kelin
Philomena M. Hausler
Kelin Law Firm
Albuquerque, New Mexico

--and --

Scott M. Hendler
Sean M. Lyons
Hendler Law, P.C.
Austin, Texas

> *Attorneys for the Plaintiffs*

Jeff Ray
Ray McChristian & Jeans, P.C.
El Paso, Texas

--and--

W. Mark Mowery
Jose R. Blanton
Glenn A. Beard
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant AmRest, LLC*

Edward Shepherd
Allen, Shepherd, Lewis & Syra, P.A.
Albuquerque, New Mexico

--and--

Shannon A. Parden
Deena Buchanan Williams
Olsen Parden Williams, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendant Applebee's International, Inc.*