IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID PESHLAKAI, DARLENE THOMAS,
CHARLES REYNOLDS AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATES OF DEL LYNN PESHLAKAI
(DECEASED) AND DESHAUNA PESHLAKAI
(DECEASED), DANELL PESHLAKAI, DARNELL
PESHLAKAI, SHAWN BEGAY, DELACEY
PESHLAKAI, and DAVID PESHLAKAI, JR.,

      Plaintiffs,

vs.                                                                                                      No. CIV 13-0752 JB/ACT

JAMES RUIZ, GILBERT MENDOZA, AMREST, LLC
d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,
and APPLEBEE'S INTERNATIONAL, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter from Jocelyn Drennan to the Court, dated April 28, 2014 (Doc. 361). The Court held a hearing during trial on April 28, 2014. The primary issues are: (i) whether state or federal law will govern the Plaintiffs' request for a spoliation instruction; and (ii) whether the requirements for such an instruction are met. The Court concludes that: (i) federal law will govern the issue; and (ii) the Plaintiffs have not satisfied the requirements for the instruction.

Federal law will govern the spoliation issue. Although the United States Court of Appeals for the Tenth Circuit does not appear to have addressed the issue directly, at least the United States Courts of Appeals for the Fourth, Fifth, Sixth, Eighth, and Eleventh Circuits have squarely held that federal law and not state law governs the spoliation issue. See Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001)(concluding, despite the parties'

agreement that state law governed spoliation, "that a federal law of spoliation applies because . . . the power to sanction for spoliation derives from the inherent power of the court, not substantive law"); King v. Illinois Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003)(federal law governs spoliation of evidence in diversity cases); Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009)(en banc)(applying federal law for spoliation sanctions and overruling contrary Sixth Circuit precedent); Sherman v. Rinchem Co., Inc., 687 F.3d 996, 1006 (8th Cir. 2012)("We now hold, in accordance with our sister circuits, that federal law applies to the imposition of sanctions for the spoliation of evidence."); Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005)("[F]ederal law governs the imposition of sanctions for failure to preserve evidence in a diversity suit.").  As the Sixth Circuit explains,

> this is the correct view for two reasons.  First, the authority to impose sanctions for spoliated evidence arises not from substantive law but, rather, "from a court's inherent power to control the judicial process." Silvestri, 271 F.3d at 590 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 . . . (1991)).  Second, a spoliation ruling is evidentiary in nature and federal courts generally apply their own evidentiary rules in both federal question and diversity matters.  King v. Ill. Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003).

Adkins v. Wolever, 554 F.3d at 652.

Citing the Sixth Circuit's decision in Adkins v. Wolever and the Fifth Circuit's decision in King v. Illinois Central Railroad, Professors Charles Alan Wright and Kenneth W. Graham, Jr. state that "[h]orizontal choice-of-law rules specify that federal law governs [the admission of spoliation evidence] both in diversity and federal question cases."  22 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence, § 5178.3 at 945 & n.10 (2d ed. 2012).  Wright and Graham do not cite any dissenting decisions.

Moreover, the Court has applied federal law to decide whether to give a spoliation instruction at trial:

>    The Richins assert that the Court should have given a spoilation [sic] instruction at trial. Under federal law, which governs in this case, failure to produce records is not sufficient to warrant a spoilation [sic] instruction absent a showing of bad faith. See King v. Cent. R.R., 337 F.3d [at 556] (noting that federal law determines if any spoliation [sic] sanction is warranted); Aramburu v. The Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997)("[T]he general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction."); University of Texas at Austin v. Vratil, 96 F.3d 1337, 1340 n. 3 (10th Cir.1996)(noting that discovery is a procedural matter that federal law governs); Perlmutter v. United States Gypsum Co., 4 F.3d 864, 871-72 (10th Cir. 1993)(explaining that federal law governs grant or denial of instructions).
>
>    The evidence upon which the movant relies to show bad faith must be more than conjecture or speculation. See Gilbert v. Cosco, Inc., 989 F.2d 399, 406 (10th Cir. 1993). It must support an inference that a party actually suppressed or withheld evidence because they were conscious of a weakness in their case. See Aramburu v. Boeing Co., 112 F.3d at 1407; Vick v. Texas Employment Comm'n, 514 F.2d 734, 737 (5th Cir. 1975)(noting that the circumstances must manifest bad faith to sustain an inference of consciousness of a weak case). The Court has broad discretion in ruling on a request for a spoilation [sic] instruction.
>
>    The Richins failed to offer evidence that supports an inference that the Defendants actually suppressed or withheld evidence because they were conscious of a weakness in their case. The Richins have not shown that the Defendants acted in bad faith. Moreover, it is not clear that this evidence went to a central issue. The Court properly denied the Richins' requested spoilation [sic] instruction.

Richins v. Deere and Co., 231 F.R.D. 623, 626 (D.N.M. 2004)(Browning, J.).

Accordingly, the Court will apply federal law to this issue.

Moreover, the Court concludes that the Plaintiffs have not satisfied this standard. There is no evidence of bad faith: there is no evidence that Defendant AmRest, LLC destroyed documents or suppressed or withheld evidence because it was conscious of a weakness in its case. Accordingly, the Court will not give the spoliation instruction that the Plaintiffs seek.

**IT IS ORDERED** that the Defendant AmRest, LLC's objection to the Plaintiffs' proposed spoliation instruction is sustained, and the Plaintiffs' proposed instruction will not be

included in the final set of instructions.

                                                                                            _____
                                                                                            UNITED STATES DISTRICT JUDGE

*Counsel:*

Zackeree S. Kelin
Philomena M. Hausler
Kelin Law Firm
Albuquerque, New Mexico

--and--

Scott M. Hendler
Sean M. Lyons
Hendler Law, P.C.
Austin, Texas

        *Attorneys for the Plaintiffs*

Jeff Ray
Ray McChristian & Jeans, P.C.
El Paso, Texas

--and--

W. Mark Mowery
Jose R. Blanton
Glenn A. Beard
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

        *Attorneys for Defendant AmRest, LLC*

Edward Shepherd
Allen, Shepherd, Lewis & Syra, P.A.
Albuquerque, New Mexico

--and--

- 5 -

Shannon A. Parden
Deena Buchanan Williams
Olsen Parden Williams, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Applebee's International, Inc.*