IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID PESHLAKAI, DARLENE THOMAS,
CHARLES REYNOLDS AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATES OF DEL LYNN PESHLAKAI
(DECEASED) AND DESHAUNA PESHLAKAI
(DECEASED), DANELL PESHLAKAI, DARNELL
PESHLAKAI, SHAWN BEGAY, DELACEY
PESHLAKAI, and DAVID PESHLAKAI, JR.,

      Plaintiffs,

vs.          No. CIV 13-0752 JB/ACT

JAMES RUIZ, GILBERT MENDOZA, AMREST, LLC
d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,
and APPLEBEE'S INTERNATIONAL, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Applebee's International, Inc.'s Motion to Exclude Testimony and Opinions in the Affidavit of Plaintiffs' Expert Robert Bux, filed in state court May 17, 2013, filed September 10, 2013 (Doc. 42-1)("Motion"). The Court held a hearing on December 17, 2013. The primary issue is whether the Court should exclude the testimony of Dr. Robert Bux, an expert for the Plaintiffs, under the sham affidavit rule, under the United States Court of Appeals for the Tenth Circuit's decision in Wallis v. Carco Carriage Corp., 124 F.3d 218 (10th Cir. 1997), or because this testimony comes too late. For the reasons stated below, the Court will not exclude the opinions in Dr. Bux' affidavit.

The Court concludes that the affidavit does not violate the sham affidavit rule. Under the Tenth Circuit's standard,

> [t]o determine whether a contradicting affidavit seeks to create a sham fact issue, [the Tenth Circuit] ha[s] looked to three factors: whether: (1) the affiant was cross-examined during his earlier testimony; (2) the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain.

Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 973 (10th Cir. 2001)(internal quotation marks omitted).  The parties substantially agree that their true dispute is about the second prong: whether Dr. Bux had access to the relevant evidence or whether his affidavit is based on newly discovered evidence.  The Court concludes that Dr. Bux based the testimony in his affidavit on newly discovered evidence -- most significantly, the documentary evidence that Ruiz consumed four Brewtus beers.  This new evidence, together with calculations of Ruiz' blood-alcohol content, tends to show that Ruiz consumed a large amount of alcohol before he arrived at the Santa Fe Applebee's, which gives Dr. Bux different insight into whether Ruiz was obviously intoxicated.

The Court also concludes that Dr. Bux' affidavit is admissible under the Tenth Circuit's decision in Wallis v. Carco Carriage Corp., as the Court interpreted it in United States v. Tsosie, 791 F. Supp. 2d 1099 (D.N.M. 2011)(Browning, J.).  In United States v. Tsosie, the Court stated that

> [t]he upshot of the Tenth Circuit's opinion [in Wallis v. Carco Carriage Corporation] is that the Tenth Circuit does not provide a list of mandatory factors that experts must consider for their opinions to be admissible; rather, an expert's retrograde extrapolation analysis is admissible if it accounts for the available data and address[es] unknown variables.

791 F. Supp. 2d at 1114.  The Court concludes that Dr. Bux' opinion satisfies this standard, in that it accounts for unknown evidence and unresolved variables as well as an expert can, given the intervening-drinking episode.

Although the Court is troubled by the fact that the Plaintiffs have offered the testimony in Dr. Bux' affidavit after the expert-witness deadline passed, the Court will, nonetheless, allow them to offer the testimony.  The parties agree that the Plaintiffs have offered this testimony after the deadline that the state court imposed in its September 10, 2012, and March 11, 2013, Scheduling Orders. The Court may, of course, modify a scheduling order for good cause, which, "[p]roperly construed, . . . means that scheduling deadlines cannot be met despite a party's diligent efforts."  Street v. Curry Bd. of Cnty. Comm'rs, No. CIV 06-0776 JB/KBM, 2008 WL 2397671 (D.N.M. January 30, 2008)(Browning, J.).  The Court concludes that the Plaintiffs have shown good cause for their failure to meet this deadline, because Dr. Bux' testimony is based on evidence that only became available recently. The Court acknowledges that its decision imposes costs on the Defendants, who briefed their summary judgment motions based on the assumption that Dr. Bux would not offer the testimony in his affidavit.  Dr. Bux limited his testimony in that fashion, however, based on an out-of-date body of evidence, and he offers the testimony in his affidavit based on newly available evidence.  That new evidence has become available constitutes good cause to modify the Scheduling Order to allow Dr. Bux to shed light on this new evidence; that benefit outweighs the costs which the Defendants must bear to modify their summary-judgment strategy around his testimony.  Moreover, to the extent that Dr. Bux' testimony presents substantive challenges to the Defendants' case, cross-examination can cure those challenges.  The Court will, therefore, allow Dr. Bux' testimony.

**IT IS ORDERED** that Defendant Applebee's International, Inc.'s Motion to Exclude Testimony and Opinions in the Affidavit of Plaintiffs' Expert Robert Bux, filed in state court May 17, 2013, filed September 10, 2013 (Doc. 42-1), is denied.

                                         */s/ James O. Browning*
                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Zackeree S. Kelin
Philomena M. Hausler
Kelin Law Firm
Albuquerque, New Mexico

--and--

Scott M. Hendler
Sean M. Lyons
Hendler Law, P.C.
Austin, Texas

    *Attorneys for the Plaintiffs*

Jeff Ray
Ray McChristian & Jeans, P.C.
El Paso, Texas

--and--

W. Mark Mowery
Jose R. Blanton
Glenn A. Beard
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant AmRest, LLC*

Edward Shepherd
Allen, Shepherd, Lewis & Syra, P.A.
Albuquerque, New Mexico

--and--

Shannon A. Parden
Deena Buchanan Williams
Olsen Parden Williams, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Applebee's International, Inc.*