IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID PESHLAKAI, DARLENE THOMAS,
CHARLES REYNOLDS AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATES OF DEL LYNN PESHLAKAI
(DECEASED) AND DESHAUNA PESHLAKAI
(DECEASED), DANELL PESHLAKAI, DARNELL
PESHLAKAI, SHAWN BEGAY, DELACEY
PESHLAKAI, and DAVID PESHLAKAI, JR.,

      Plaintiffs,

vs.                                                        No. CIV 13-0752 JB/ACT

JAMES RUIZ, GILBERT MENDOZA, AMREST, LLC
d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,
and APPLEBEE'S INTERNATIONAL, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant AmRest, LLC's Motion for Partial Summary Judgment on All Sibling Claims for Loss of Consortium, filed March 10, 2014 (Doc. 201)("MSJ").  The Court held hearings on April 1, 2014, and April 2, 2014.  The primary issue is whether the Court will allow the claims for loss of consortium that Plaintiffs Shawn Begay, Danell Peshlakai, Delacey Peshlakai, Darnell Peshlakai, and David Peshlakai, Jr. (collectively the "Peshlakai Siblings") have brought to proceed to the jury.  The Court will grant the MSJ, because it concludes, having considered the parties' briefing and their arguments at the hearing, that New Mexico law does not recognize the Peshlakai Siblings' loss-of-consortium claims.  The Court is mindful that the Supreme Court of New Mexico has recognized that siblings may, on occasion, bring loss-of-consortium claims.  The facts do not, however, satisfy the Supreme Court of New Mexico's standard for loss-of-consortium claims, because there is

insufficient evidence that the Peshlakai Siblings were "mutually dependent," as New Mexico law understands that term. Accordingly, the Court will grant the MSJ.

## FACTUAL BACKGROUND

The Court takes its facts from the Plaintiffs' Third Amended Complaint for Wrongful Death, Personal Injuries, Loss of Consortium and Other Damages, filed in state court January 16, 2013, filed in federal court August 14, 2013 (Doc. 2-1)("Complaint"). Two restaurants in Santa Fe, New Mexico -- Applebee's Neighborhood Grill, and the Blue Corn Café and Brewery -- served alcohol to Defendants James Ruiz and Gilbert Mendoza, as well as non-party Veronica Castro, despite that it was reasonably apparent that they were drunk. See Complaint ¶¶ 26-29, at 4-5. Ruiz, Mendoza, and Castro then got into Mendoza's car, with Ruiz driving -- until he crashed into a vehicle that carried Plaintiffs David Peshlakai and Darlene Thomas, who lived together as common-law husband and wife, and their daughters DeShauna and Del Lynn Peshlakai. See Complaint ¶¶ 30-31, at 5; id. ¶¶ 81-84, at 16. The crash badly injured David and Darlene, and it killed Del Lynn and DeShauna, who were then nineteen and seventeen years old. See Complaint ¶¶ 1-2, at 1. Ruiz ran away without trying to help the family. See id. ¶¶ 32, at 2.

## PROCEDURAL BACKGROUND

The Plaintiffs allege seven causes of action in their Complaint. Against AmRest, LLC and Applebee's International, they bring: (i) common-law and statutory dram-shop liability claims, see Complaint ¶¶ 33-48, at 8-9; and (ii) negligence claims related to alcohol marketing and distribution, see Complaint ¶¶ 49-58, at 9-12. Regarding the individual Defendants, the Plaintiffs bring: (i) negligence and negligence per se claims against Ruiz and Mendoza related to driving while intoxicated, see Complaint ¶¶ 59-68, at 12-14; and (ii) a negligent-entrustment claim against Mendoza for allowing Ruiz to drive Mendoza's vehicle while intoxicated, see

Complaint ¶¶ 69-79, at 14-15.  Against all Defendants, (i) David Peshlakai and Darlene Thomas bring a negligent infliction of emotional distress claim, see Complaint at ¶¶ 80-85, at 15-16; and (ii) all Plaintiffs bring a loss-of-consortium claim, see Complaint ¶¶ 86-89, at 16-17.

In Lozoya v. Sanchez, 2003-NMSC-009, 133 N.M. 579, 66 P.3d 948, abrogated on other grounds by Heath v. La Mariana Apartments, 2008-NMSC-017, 143 N.M. 657, 180 P.3d 664, the Supreme Court of New Mexico adopted a seven-factor test to guide lower courts in deciding "whether an intimate familial relationship exists for loss of consortium purposes":

> That standard must take into account the duration of the relationship, the degree of mutual dependence, the extent of common contributions to a life together, the extent and quality of shared experience, and . . . whether the plaintiff and the injured person were members of the same household, their emotional reliance on each other, the particulars of their day to day relationship, and the manner in which they related to each other in attending to life's mundane requirements.

2003-NMSC-009, ¶ 27.

The Supreme Court of New Mexico addressed the availability of sibling loss-of-consortium claims in Wachocki v. Bernalillo County Sherriff's Department, 2011-NMSC-039, 150 N.M. 650, 265 P.3d 701.  In that case, Bill Wachocki brought a loss-of-consortium claim related to his brother Jason Wachocki's death in a car accident.  See 2011-NMSC-039, ¶ 1.  A review of the facts of their relationship is instructive:

> Jason was 15 months older than Bill and as children they had shared a bedroom together.  At the time of Jason's death, they had been sharing an apartment for approximately eight months.  Jason and Bill split the rent, utilities, and grocery bills and shared household chores and cooking.  The brothers enjoyed a close relationship.  They spent their free time together, socializing, playing basketball, and going to the movies and the racetrack.  Bill considered his older brother his role model and best friend, and he relied on Jason for advice and emotional support.

2011-NMSC-039, ¶ 1.  The Court of Appeals of New Mexico had "denied the loss-of-consortium claim brought by Jason's brother, Bill," because the defendant, the Bernalillo County Sherriff's

Department ("BCSD"), could not have foreseen that injuring Jason would injure Bill's interest. 2011-NMSC-039, ¶ 3. Moreover, the Court of Appeals of New Mexico "held that even if BCSD owed Jason a duty of care, no recovery was warranted because Bill had not shown he shared a sufficiently close relationship with Jason under the 'mutual dependence' factors we outlined in" Lozoya v. Sanchez, 2003-NMSC-009, ¶ 27. Wachocki v. Bernalillo Cnty. Sherriff's Dep't, 2011-NMSC-039, ¶ 3.

The Supreme Court of New Mexico in Wachocki v. Bernalillo Cnty. Sherriff's Dep't explained that, under Lozoya v. Sanchez' "mutual dependence" factors, a court should "assess whether the claimant and the injured party shared a sufficiently close relationship." Wachocki v. Bernalillo Cnty. Sherriff's Dep't, 2011-NMSC-039, ¶ 4. It continued:

> A loss-of-consortium claimant must demonstrate two elements in order to recover damages. The first element is that the claimant and the injured party shared a sufficiently close relationship. In Lozoya[ v. Sanchez], we held that the following factors were relevant in determining whether the claimant and injured party shared such a close relationship:
>
>> the duration of the relationship, the degree of mutual dependence, the extent of common contributions to a life together, the extent and quality of shared experience, and . . . whether the plaintiff and the injured person were members of the same household, their emotional reliance on each other, the particulars of their day to day relationship, and the manner in which they related to each other in attending to life's mundane requirements.
>
> 2003-NMSC-009, ¶ 27 . . . . The second element is a duty of care. Lozoya, 2003-NMSC-009, ¶ 15 . . . . The tortfeasor owes a duty of care to the claimant where it is foreseeable that the harm inflicted upon the injured party would damage the relationship between the injured party and the claimant. Because we decide this appeal based on the lack of the first element -- a sufficiently close relationship -- we need not address foreseeability.

Wachocki v. Bernalillo Cnty. Sherriff's Dep't, 2011-NMSC-039, ¶ 5 (selected citations and internal quotation marks omitted).

The Supreme Court of New Mexico first held that it is appropriate for courts to consider

the Lozoya v. Sanchez factors in deciding sibling loss-of-consortium claims. See Wachocki v. Bernalillo Cnty. Sherriff's Dep't, 2011-NMSC-039, ¶ 6. Bill argued "that sibling relationships are distinct from spousal-type relationships, and therefore some of the Lozoya factors, such as the extent and quality of shared experience and emotional reliance, are not applicable to an adult-sibling relationship." 2011-NMSC-039, ¶ 6. Bill, therefore, asked the Supreme Court of New Mexico "to adopt a loss of consortium analysis that is specifically tailored to the unique nature of sibling relationships, considering such factors as whether siblings remain in close communication during adulthood, provide emotional support to one another, and share interests and activities." 2011-NMSC-039, ¶ 6. BCSD argued that "Bill's proposed test would exalt the legal status of siblings over the fact-specific inquiry into mutual dependence, and therefore is inconsistent with our analysis in Lozoya." 2011-NMSC-039, ¶ 7. The Supreme Court of New Mexico rejected Bill's proposed test and explained:

> We decline to inject factors specific to the sibling relationship into our loss of consortium analysis. A relationship-specific test is not in accord with Lozoya, which clarified that legal status is not a "dispositive factor in determining whether loss of consortium benefits should be extended." 2003-NMSC-009, ¶ 20 n.2 . . . . Thus, it would contravene Lozoya to fashion a test that is directly dependent on the type of legal relationship involved. Moreover, we are concerned that a relationship-specific test would detract from the important goals of clarity and stability in this area of the law. A relationship-specific test would presumably spawn many iterations -- the factors would have to be tailored to siblings in this instance, then to many other types of relationships in cases to come. With the proper analysis so reliant upon the nature of the relationship, we fear that lower courts would be left with little clear guidance when faced with a loss-of-consortium claim.
>
> Though we decline to inject sibling-specific factors into the analysis of whether the claimant and injured parties shared a sufficiently close relationship, we hold that the analysis should be streamlined to accommodate different types of relationships. In Lozoya, we held that the degree of mutual dependence, as well as a host of other factors, such as duration of the relationship, emotional reliance, and sharing of a common residence, bear upon whether the claimant and injured party shared a sufficiently close relationship. 2003-NMSC-009, ¶ 27 . . . . We acknowledge that these factors may be helpful in the context of some

> relationships, especially spousal-type relationships; however, we strive for a uniform analysis applicable to all relationships.
>
> With that goal in mind, we conclude that mutual dependence is the key element. The unmarried cohabitants in Lozoya were certainly mutually dependent -- they jointly ran a household, made life decisions together and had made a long-term commitment to one another. See id. ¶¶ 9-10, 29. Similarly, in Fernandez v. Walgreen Hastings Co., a grandparent claiming loss of consortium shared a household with the granddaughter she lost and acted as the child's caretaker. 1998-NMSC-039, ¶¶ 4, 32, 126 N.M. 263, 968 P.2d 774. In both of these situations, the parties relied on the relationship and could not enjoy life in the same way once the relationship was severed. Under such circumstances, the claimant and injured party are mutually dependent, and therefore the relationship was sufficiently close to permit recovery for loss of consortium.

Wachocki v. Bernalillo Cnty. Sherriff's Dep't, 2011-NMSC-039, ¶¶ 8-10.

The Supreme Court of New Mexico then concluded that the facts did not satisfy the mutual-dependence factor:

> Before his death, Jason shared an apartment with Bill for approximately eight months. The brothers "split bills and shared household chores, socialized together and relied on each other for friendship." As the Court of Appeals noted, "recovery by a sibling may be proper," but here the "factual basis simply falls short." We agree. The brothers were roommates and shared a small amount of financial responsibilities, but we hold that their relationship did not exhibit the mutual dependence required for recovery.

2011-NMSC-039, ¶ 11 (citations omitted). The Supreme Court of New Mexico acknowledged that many jurisdictions had rejected sibling loss-of-consortium claims and "emphasize[d] that our rejection of Bill's claim does not mean that a sibling cannot prevail in a loss-of-consortium claim. Where the facts demonstrate that two siblings shared a mutually dependent relationship, recovery for loss of consortium may be available." 2011-NMSC-039, ¶ 12.

The Peshlakai Siblings' relationship with Del Lynn and DeShauna was not mutually dependent under New Mexico law. The Peshlakai Siblings undoubtedly enjoyed close relationships with Del Lynn and DeShauna. Their lives were closely linked: Del Lynn and DeShauna did family chores, Del Lynn worked on her father's ranch, and Del Lynn and

DeShauna assisted with childcare for their nieces and nephews, to the point of being quasi-maternal figures. These facts and others like them depict a healthy, intimate sibling relationship in a large, close family. They do not, however, rise to the level of mutual dependency. Indeed, if the Peshlakai Siblings' relationship with Del Lynn and DeShauna gave rise to a sibling loss-of-consortium claim, the Court would be hard pressed to identify a functional sibling relationship that would not give rise to that claim.

Courts do not widely recognize sibling loss-of-consortium claims. As the Supreme Court of New Mexico recognized, courts outside of New Mexico have been reluctant to recognize sibling loss-of-consortium claims. See Wachocki v. Bernalillo Cnty. Sherriff's Dep't, 2011-NMSC-039, ¶ 12 (citing cases). It is true that, in Wachocki v. Bernalillo County Sherriff's Department, the Supreme Court of New Mexico consciously rejected a bright-line relationship-based rule. See 2011-NMSC-039, ¶ 12 ("Though we recognize that other jurisdictions draw the line at particular relationships, we emphasize that our rejection of Bill's claim does not mean that a sibling cannot prevail in a loss-of-consortium claim."). At the same time, however, the Plaintiffs have not pointed to a case like this one in which a New Mexico court has allowed a sibling loss-of-consortium claim to proceed to the jury. Moreover, the Court has not located any New Mexico cases that apply Wachocki v. Bernalillo County Sherriff's Department and allow such claims to proceed.

In short, although the Court acknowledges that the Peshlakai Siblings enjoyed a close relationship with their siblings, their relationship does "not exhibit the mutual dependence required for recovery." 2011-NMSC-039, ¶ 11. Accordingly, the Court will not allow the claim to proceed.

**IT IS ORDERED** that Defendant AmRest, LLC's Motion for Partial Summary Judgment on All Sibling Claims for Loss of Consortium, filed March 10, 2014 (Doc. 201), is granted.

                                                                  _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Zackeree S. Kelin
Philomena M. Hausler
Kelin Law Firm
Albuquerque, New Mexico

--and--

Scott M. Hendler
Sean M. Lyons
Hendler Law, P.C.
Austin, Texas

    *Attorneys for the Plaintiffs*

Jeff Ray
Ray McChristian & Jeans, P.C.
El Paso, Texas

--and--

W. Mark Mowery
Jose R. Blanton
Glenn A. Beard
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant AmRest, LLC*

Edward Shepherd
Allen, Shepherd, Lewis & Syra, P.A.
Albuquerque, New Mexico

--and--

Shannon A. Parden
Deena Buchanan Williams
Olsen Parden Williams, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant Applebee's International, Inc.*