IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID PESHLAKAI, DARLENE THOMAS,
CHARLES REYNOLDS AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATES OF DEL LYNN PESHLAKAI
(DECEASED) AND DESHAUNA PESHLAKAI
(DECEASED), DANELL PESHLAKAI, DARNELL
PESHLAKAI, SHAWN BEGAY, DELACEY
PESHLAKAI, and DAVID PESHLAKAI, JR.,

      Plaintiffs,

vs.                                                                                                   No. CIV 13-0752 JB/ACT

JAMES RUIZ, GILBERT MENDOZA, AMREST, LLC
d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,
and APPLEBEE'S INTERNATIONAL, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from W. Mark Mowery to the Court, executed April 19, 2014, filed April 19, 2014 (Doc. 347)("AmRest, LLC's Letter"); and (ii) the Letter from Scott M. Hendler, executed April 20, 2014, filed April 20, 2014 (Doc. 348)("Plaintiffs' Letter"). The primary issue is whether the Court should modify the New Mexico Uniform Jury Instruction regarding the Liquor Liability Act, N.M. Stat. Ann. § 41-11-1. Having considered the arguments in each letter, the Court concludes that, under the Supreme Court of New Mexico's decision in Estate of Gutierrez ex rel. Jaramillo v. Meteor Monument, LLC, 2012-NMSC-004, 274 P.3d 97 ("Meteor Monument"), it is appropriate to modify the Uniform Jury Instruction, because, after the Uniform Jury Instruction was promulgated, the Supreme Court of New Mexico interpreted the Liquor Liability Act to create an objective standard -- that is, to impose liability where the license holder knew or should have known that

the patron was intoxicated at the time the license holder served alcohol.

## FACTUAL BACKGROUND

The Court takes its facts from the Plaintiffs' Third Amended Complaint for Wrongful Death, Personal Injuries, Loss of Consortium and Other Damages, filed in state court January 16, 2013, filed in federal court August 14, 2013 (Doc. 2-1)("Complaint").  Two restaurants in Santa Fe, New Mexico -- Applebee's Neighborhood Grill, and the Blue Corn Café and Brewery -- served alcohol to Defendants James Ruiz and Gilbert Mendoza, as well as non-party Veronica Castro, despite that it was reasonably apparent that they were drunk.  See Complaint ¶¶ 26-29, at 4-5.  Ruiz, Mendoza, and Castro then got into Mendoza's car, with Ruiz driving -- until he crashed into a vehicle that carried Plaintiffs David Peshlakai and Darlene Thomas, who lived together as common-law husband and wife, and their daughters DeShauna and Del Lynn Peshlakai.  See Complaint ¶¶ 30-31, at 5; id. ¶¶ 81-84, at 16.  The crash badly injured David and Darlene, and it killed Del Lynn and DeShauna, who were then nineteen and seventeen years old.  See Complaint ¶¶ 1-2, at 1.  Ruiz ran away without trying to help the family.  See Complaint ¶¶ 32, at 2.

## PROCEDURAL BACKGROUND

The Plaintiffs allege seven causes of action in their Complaint.  Against AmRest, LLC and Applebee's International, they bring: (i) common-law and statutory dram-shop liability claims, see Complaint ¶¶ 33-48, at 8-9; and (ii) negligence claims related to alcohol marketing and distribution, see Complaint ¶¶ 49-58, at 9-12.  Regarding the individual Defendants, the Plaintiffs bring: (i) negligence and negligence per se claims against Ruiz and Mendoza related to driving while intoxicated, see Complaint ¶¶ 59-68, at 12-14; and (ii) a negligent-entrustment claim against Mendoza for allowing Ruiz to drive Mendoza's vehicle while intoxicated, see

Complaint ¶¶ 69-79, at 14-15.  Against all Defendants, (i) David Peshlakai and Darlene Thomas bring a negligent infliction of emotional distress claim, see Complaint at ¶¶ 80-85, at 15-16; and (ii) all Plaintiffs bring a loss-of-consortium claim, see Complaint ¶¶ 86-89, at 16-17.

### 1. **The Court's First Proposed Preliminary Jury Instructions.**

In the Court's First Proposed Preliminary Jury Instructions, filed April 18, 2014 (Doc. 341)("First Preliminary Instructions"), the Court proposed to instruct the jury at the opening of trial as follows:

> To establish their claims under the New Mexico Liquor Liability Act, Mr. Peshlakai, Ms. Thomas, and Mr. Reynolds have the burden of proving by a preponderance of the evidence each of the following:
>
> 1) That AmRest, LLC and/or AmRest, LLC's agents or employees sold or served alcoholic beverages to James Ruiz and/or Gilbert Mendoza while Mr. Ruiz and/or Mr. Mendoza was intoxicated;
>
> 2) That AmRest, LLC or AmRest, LLC's agents or employees knew from the circumstances and from what was reasonably apparent to AmRest, LLC that the person buying or receiving service of the alcoholic beverages was intoxicated; and
>
> 3) That Mr. Peshlakai's, Ms. Thomas', and Mr. Reynolds' damages were caused by AmRest, LLC's sale or service of alcoholic beverages.

First Preliminary Instructions at 4-5.  The Court invited the parties to submit comments.  The Court based its instruction on the following provision of the Uniform Jury Instructions:

> To establish the claim against defendant _____ (*name of licensee*) for violation of the New Mexico liquor control laws, plaintiff has the burden of proving the following elements:
>
> [1. Defendant was a licensee;]
>
> 2. Defendant or defendant's [agent(s)] or [employee(s)] sold or served alcoholic beverages to (_____) while [he] [she] was intoxicated;

> 3. Defendant or defendant's [agent(s)] or [employee(s)] knew from the circumstances and from what was reasonably apparent to defendant that the person [buying] or [receiving service] of the alcoholic beverages was intoxicated; [4. Defendant or defendant's [agent(s)] or [employee(s)] acted with gross negligence or reckless disregard for the safety of the plaintiff.]
>
> In addition, plaintiff has the burden of proving that plaintiff's damages were caused by defendant's sale or service of alcoholic beverages.

NMRA, Civ. UJI 13-1642 ("Liquor Liability UJI").

### 2. **The Parties' Letters.**[1]

In AmRest, LLC's First Letter, AmRest, LLC objects to the First Preliminary Instructions. See AmRest, LLC's First Letter at 2. AmRest, LLC submits that "[t]he portion of the instructions in which the Court provided a summary of the applicable law, and, more specifically, the elements of Plaintiffs' claim against AmRest under the New Mexico Liquor Liability Act . . . is objectionable for several reasons." AmRest, LLC's Letter at 2. AmRest, LLC submits that, even if the Court routinely instructs "a jury on the elements of a plaintiff's claim at the outset of trial, doing so in this case is objectionable for the following reasons." AmRest, LLC's Letter at 2. Without elaboration, it argues that the parties continue to debate the elements of the Plaintiffs' claims. See AmRest, LLC's Letter at 2. Although AmRest, LLC did not elaborate on this disagreement, the upshot is that, in AmRest, LLC's view, the Liquor Liability Act creates a subjective standard, and not an objective standard.

The Plaintiffs ask the Court to add the phrase "or should have known" into the second

---

[1] Although the letters touch on multiple subjects, the Court will discuss only those portions of the letters that relate to the issue in this Memorandum Opinion and Order: whether the Liquor Liability Act, as the Supreme Court of New Mexico interpreted it in Meteor Monument, creates an objective standard -- that is, it imposes liability where the license holder knew or should have known that a patron was intoxicated at the time the license holder served alcohol to the patron -- or a subjective standard -- that it imposes liability only where the license holder knew that the patron was intoxicated at the time the license holder served alcohol.

element.  See Plaintiffs' Letter at 4.  The Plaintiffs contend that, as the Court recognized at a hearing on February 6, 2014, Meteor Monument holds that the "reasonably apparent" prong of the Liquor Liability Act creates an objective standard.  Plaintiffs' Letter at 4.  The Plaintiffs point out that the Supreme Court decided Meteor Monument in 2012 and that the Liquor Liability UJI was promulgated in 2005.  See Plaintiffs' Letter at 4.  In their view, taking into account Meteor Monument, the Court should instruct the jury that the Plaintiffs must prove "[t]hat AmRest, LLC or AmRest, LLC's agents or employees knew *or should have known* from the circumstances and from what was reasonably apparent to AmRest, LLC that the person buying or receiving service of the alcoholic beverages was intoxicated."  Plaintiffs' Letter at 4 (emphasis added).  In the alternative, the Plaintiffs ask the Court to add to the instruction the following "to help clarify that the standard is objective: 'This is an objective test.  An objective test asks what the defendant knew or should have known.'"  Plaintiffs' Letter at 4.

## ANALYSIS

The Court has revised its preliminary instructions to incorporate the Plaintiffs' proposal.  The elements of the cause of action now read:

> To establish their claims under the New Mexico Liquor Liability Act, Mr. Peshlakai, Ms. Thomas, and Mr. Reynolds have the burden of proving by a preponderance of the evidence each of the following:
>
> > 1) That AmRest, LLC and/or AmRest, LLC's agents or employees sold or served alcoholic beverages to James Ruiz and/or Gilbert Mendoza while Mr. Ruiz and/or Mr. Mendoza was intoxicated;
> > 2) That AmRest, LLC or AmRest, LLC's agents or employees knew **or should have known** from the circumstances and from what was reasonably apparent to AmRest, LLC that the person buying or receiving service of the alcoholic beverages was intoxicated; and
> >
> > 3) That Mr. Peshlakai's, Ms. Thomas', and Mr. Reynolds'

>damages were caused by AmRest, LLC's sale or service of alcoholic beverages.

Court's Second Proposed Preliminary Jury Instructions at 4-5, filed April 21, 2014 (Doc. 351)(emphasis added).

The Court agrees with AmRest, LLC that the relevant statutory language requires the Plaintiffs to prove actual knowledge. That language provides:

>A. No civil liability shall be predicated upon the breach of Section 60-7A-16 NMSA 1978 by a licensee, except in the case of the licensee who:
>
>>(1) sold or served alcohol to a person who was intoxicated;
>>
>>(2) it was reasonably apparent to the licensee that the person buying or apparently receiving service of alcoholic beverages was intoxicated; and
>>
>>**(3) the licensee knew from the circumstances that the person buying or receiving service of alcoholic beverages was intoxicated.**

N.M. Stat. Ann. 1978, § 41-11-1(A) (emphasis added). The New Mexico Uniform Jury Instructions agree with the Court's interpretation: they require the Plaintiff to prove that "Defendant or defendant's [agent(s)] or [employee(s)] **knew** from the circumstances and from what was reasonably apparent to defendant that the person [buying] or [receiving service] of the alcoholic beverages was intoxicated." NMRA, Civ. UJI 13-1642 (emphasis added). If the Court were reading this language without the Supreme Court of New Mexico's guidance, it would conclude that proof of actual knowledge is necessary.

The Court's revisions reflect, however, its reading of Meteor Monument. The bulk of the Supreme Court of New Mexico's reasoning does not make sense if the Supreme Court of New Mexico understands the knew-from-the-circumstances prong of the statute to require actual knowledge. The Supreme Court explains:

> The Georgia Supreme Court [reasoned] in Riley v. H & H Operations, Inc., 263 Ga. 652, 436 S.E.2d 659, 661 (1993) . . . that "a construction of [its dram shop act] requiring actual knowledge would render the Act an ineffective sanction, since only when the defendant admitted its own knowledge could the plaintiff prevail."
>
> Similarly, in Miller v. Ochampaugh, 191 Mich. App. 48, 477 N.W.2d 105, 109 (1991), the Michigan Court of Appeals held that Michigan's dram shop act requirement that the intoxication be "apparent to an ordinary observer" was an objective standard. The court reasoned, "had the Legislature wished to create a subjective standard, it could have worded the dramshop act accordingly." Id. The Miller court also expressed concern that the "adoption of a subjective standard would essentially do away with the dramshop cause of action," noting that a defendant could escape liability if the serving employee simply testified that he or she did not personally observe the patron to be intoxicated. Id. We agree and are persuaded that, in New Mexico, the Legislature intended the reasonably-apparent prong to require an objective standard of proof.

Meteor Monument, 2012-NMSC-004, ¶¶12-13. This reasoning would lose all persuasive force if the Supreme Court of New Mexico understood the adjacent knew-from-the-circumstances statutory subsection to require proof of actual knowledge -- a standard which, in its view, "would essentially do away with the dramshop cause of action." 2012-NMSC-004, ¶¶ 13 (internal quotation marks omitted).

A key case on which the Supreme Court of New Mexico relied reads statutory language that similarly seems to require actual knowledge to require "implied knowledge." In Riley v. H & H Operations, Inc., the Supreme Court of Georgia interpreted language from a similar alcohol regulation, which provided:

> a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor . . . when the sale, furnishing, or serving is the proximate cause of such injury or damage.

Riley v. H & H Operations, Inc., 436 S.E.2d at 660 (quoting OCGA § 51-1-40(b)). The Supreme Court of Georgia answered in the negative the question whether a "provider of alcohol must have

<u>actual</u> knowledge that the buyer is a minor who will be driving soon." <u>Riley v. H & H Operations, Inc.</u>, 436 S.E.2d at 660 (emphasis in original).  The Georgia Supreme Court explained that

> one of the evils sought to be avoided by the Act is the distribution of alcohol to minors who will be driving motor vehicles. With this policy in mind, a construction of the Act requiring *actual* knowledge would render the Act an ineffective sanction, since only when the defendant admitted its own knowledge could the plaintiff prevail. . . . [T]he policy behind the statute requires a broader reading of "knowingly" and "knowing" than that urged by the appellee.  If one in the exercise of reasonable care should have known that the recipient of the alcohol was a minor and would be driving soon, he or she will be deemed to have knowledge of that fact.

<u>Riley v. H & H Operations, Inc.</u>, 436 S.E.2d at 661 (emphasis in original).  The Supreme Court of New Mexico relied on <u>Riley v. H & H Operations, Inc.</u> in <u>Meteor Monument</u> -- quoting with approval the second sentence in this block quote.  <u>See</u> 2012-NMSC-004, ¶ 12 (quoting with approval <u>Riley v. H & H Operations, Inc.</u>, 436 S.E.2d at 661).

As AmRest, LLC points out, the Supreme Court repeatedly suggests that its reasoning is limited to "the reasonably-apparent prong."  <u>E.g.</u>, 2012-NMSC-004, ¶¶ 8-10.  Moreover, the Court does not believe, as the Plaintiffs contend, that this language refers to the New Mexico Uniform Jury Instructions; the better view of the opinion is that the phrase "the reasonably-apparent prong" refers to the statute.  That said, because the Supreme Court's reasoning does not make sense if the Supreme Court understands another portion of the statute to require actual knowledge, and because a key case on which the Supreme Court relies interpreted a knowledge requirement to require "implied knowledge," the Court does not believe it can read the statute to require actual knowledge and still comply with <u>Meteor Monument</u>.

Accordingly, although the statute's language, properly interpreted, requires the Plaintiffs to prove that AmRest, LLC knew from the circumstances that Ruiz and/or Mendoza were

intoxicated, the Supreme Court of New Mexico's reasoning in Meteor Monument effectively reads actual knowledge out of the statute.  The Plaintiffs must instead prove "[t]hat AmRest, LLC or AmRest, LLC's agents or employees knew **or should have known** from the circumstances and from what was reasonably apparent to AmRest, LLC that the person buying or receiving service of the alcoholic beverages was intoxicated."  Court's Second Proposed Preliminary Jury Instructions at 4 (emphasis added).[2]

---

[2]In the Letter from Jocelyn C. Drennan to the Court, dated April 26, 2014, filed April 26, 2014 (Doc. 3611)("Drennan Letter"), AmRest, LLC renews its objections to this reasoning.  In essence, it contends that Meteor Monument relates only to the reasonably apparent prong and not to the knew-from-the-circumstances prong.  See Drennan Letter at 3-4.  It states that the Court's understanding of Meteor Monument would read the knew-from-the-circumstances prong out of the statute: in its view, although Meteor Monument allows plaintiffs to use circumstantial evidence to satisfy the reasonably-apparent prong, the New Mexico legislature intended the final prong of the statute to create an actual-knowledge standard.  See Drennan Letter at 4.  It continues:

> The Court's reading of Meteor Monument assumes that the Legislature intended liability to arise whenever a licensee in the exercise of reasonable care should have known that the patron was intoxicated.  That may be the standard under the laws of other states from which Meteor Monument draws some citations, but it is not the standard adopted by the New Mexico Legislature.

Drennan Letter at 4 (citations omitted).  It notes that the Supreme Court of New Mexico has "adopted a combined objective-subjective standard in defining" a different cause of action, Drennan Letter at 4 (citing Delgado v. Phelps Dodge Chino, Inc., 2001-NMSC-034, ¶ 26, 34 P.3d 1148, 131 N.M. 272, for the "elements that must be present for [an] employee to recover against [an] employer for intentional injury," and asserting that "[t]he Legislature did the same in the Liquor Liability Act," Drennan Letter at 4.

Again, the Court is sympathetic to AmRest, LLC's statutory-construction arguments.  The statute's language imposes a knew-from-the-circumstances requirement.  To read that requirement out of the statute -- which the Court understands Meteor Monument to effectively do -- violates a basic canon of statutory construction: the surplusage canon.  See Bryan A. Garner & Antonin Scalia, Reading Law at 174 (2012)("If possible, every word and every provision is to be given effect . . . .  None should be ignored.  None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").  The Court's reading of Meteor Monument does not, as AmRest, LLC states, proceed from any "assum[ption] that the Legislature intended liability to arise whenever a licensee in the exercise of reasonable care

**IT IS ORDERED** that the request in the Letter from Scott M. Hendler, executed April 20, 2014, filed April 20, 2014 (Doc. 348), that the Court modify the Court's First Proposed Preliminary Jury Instructions, filed April 18, 2014 (Doc. 341), is granted. The Court will instruct the jury that the Plaintiffs must prove "[t]hat AmRest, LLC or AmRest, LLC's agents or employees knew **or should have known** from the circumstances and from what was reasonably apparent to AmRest, LLC that the person buying or receiving service of the alcoholic beverages was intoxicated." (Emphasis added only for this opinion to show what words are added.) Defendant AmRest, LLC's objections, whether raised orally or in submissions to the Court, are overruled.

---

should have known that the patron was intoxicated." Drennan Letter at 4. Far from it -- the Court believes the statute's language indicates otherwise.

    For substantially the reasons that the Court has explained, however, Meteor Monument compels a different result. The Supreme Court of New Mexico's policy reasoning and its treatment of authority from other jurisdictions make no sense if the Supreme Court of New Mexico reads the knew-from-the-circumstances prong to require actual knowledge. It will not do to, as AmRest, LLC states, reduce the Supreme Court of New Mexico's reasoning to reflecting "the standard under the laws of other states from which Meteor Monument draws some citations." Drennan Letter at 4. The Supreme Court of New Mexico did not merely "draw[] some citations" from cases that read actual-knowledge language to mean "implied knowledge"; its reliance on, and quotation from, those cases was central to its reasoning. See Meteor Monument, 2012-NMSC-004, ¶¶ 10-12 (relying on, among others, Riley v. H & H Operations, Inc.). If the knew-from-the-circumstances prong -- which is, after all, immediately adjacent to the reasonably-apparent prong -- imposes a subjective standard, then one would have to believe that the Supreme Court of New Mexico somehow missed that the very next subsection of the statute renders its policy reasoning moot. Rather than attributing such an oversight to the Supreme Court of New Mexico, the Court understands the Supreme Court of New Mexico to interpret the knew-from-the-circumstances prong consistently with the way the cases on which it relied interpret analogous language: to impose an "implied knowledge" requirement that is equivalent to a knew-or-should-have-known standard.

                                               _____
                                               UNITED STATES DISTRICT JUDGE

*Counsel:*

Zackeree S. Kelin
Philomena M. Hausler
Kelin Law Firm
Albuquerque, New Mexico

--and--

Scott M. Hendler
Sean M. Lyons
Hendler Law, P.C.
Austin, Texas

      *Attorneys for the Plaintiffs*

Jeff Ray
Ray McChristian & Jeans, P.C.
El Paso, Texas

--and--

W. Mark Mowery
Jose R. Blanton
Glenn A. Beard
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for Defendant AmRest, LLC*

Edward Shepherd
Allen, Shepherd, Lewis & Syra, P.A.
Albuquerque, New Mexico

--and--

Shannon A. Parden
Deena Buchanan Williams
Olsen Parden Williams, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendant Applebee's International, Inc.*