IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID PESHLAKAI, DARLENE THOMAS,
CHARLES REYNOLDS AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATES OF DEL LYNN PESHLAKAI
(DECEASED) AND DESHAUNA PESHLAKAI
(DECEASED), DANELL PESHLAKAI, DARNELL
PESHLAKAI, SHAWN BEGAY, DELACEY
PESHLAKAI, and DAVID PESHLAKAI, JR.,

      Plaintiffs,

vs.                                                                          No. CIV 13-0752 JB/ACT

JAMES RUIZ, GILBERT MENDOZA, AMREST, LLC
d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,
and APPLEBEE'S INTERNATIONAL, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter from Scott Hendler to the Court (dated April 29, 2014), filed April 29, 2014 (Doc. 381)("the Plaintiffs' Letter"). The Court held hearings on the issues that the Plaintiffs' Letter raises during a six-day trial, held April 21, 2014 and April 30, 2014. The primary issue is whether the Court should replace the traditional "but-for" causation instruction with an alternate instruction, such as "contributes to bringing about" or "the reason that." The Court will use the traditional but-for causation instruction, because this case does not implicate the peculiar problems of proof that Summers v. Tice, 33 Cal. 2d 80, 199 P.2d 1 (1948), or the Restatement (Second) of Torts § 432(2) addresses, but is, instead, a classic comparative fault dispute that is susceptible to traditional methods of proof.

Having considered the parties' arguments on the matter, the Court will include in its causation instruction the instruction that "[a]n act or omission is a 'cause' of injury or harm . . . if

injury would not have occurred without it." The Court has considered the Plaintiffs' proposal, which draws from the following comment in the New Mexico Uniform Jury Instructions:

> The committee feels that the but-for clause may be unnecessary or inappropriate in particular cases, such as when the plaintiff cannot show, more likely than not which one of multiple negligent acts was the cause of injury, e.g., Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1 (1948), or when multiple acts each may be a cause of indivisible injury regardless of the other(s). E.g., Restatement (Second) of Torts, Section 432(2). In the former situation, it will be for the trial court to decide whether the burden of proof on causation may be more appropriately shifted to the defendant; in the latter situation, the trial court might determine that the "cause-in-fact" element of causation is more adequately expressed through use of the terms "contributes to bringing about", "explanation for", "the reason that". The present instruction leaves these issues for determination by the trial court, in each case pending controlling guidance from the Court.

UJI 13-305 NMRA, Committee Commentary. For the reasons the Court will explain, this case does not implicate the peculiar problems of proof that Summers v. Tice and Restatement (Second) of Torts § 432(2) address. Accordingly, the Court will give a more traditional causation instruction.

This case differs significantly from Summers v. Tice and the policy concerns that animated it. The facts of Summers v. Tice are familiar to most first-year law students. As the Supreme Court of California succinctly described what it called "[t]he celebrated case of Summers v. Tice":

> In Summers, the plaintiff was injured when two hunters negligently shot in his direction. It could not be determined which of them had fired the shot which actually caused the injury to the plaintiff's eye, but both defendants were nevertheless held jointly and severally liable for the whole of the damages. We reasoned that both were wrongdoers, both were negligent toward the plaintiff, and that it would be unfair to require plaintiff to isolate the defendant responsible, because if the one pointed out were to escape liability, the other might also, and the plaintiff-victim would be shorn of any remedy. In these circumstances, we held, the burden of proof shifted to the defendants, "each to absolve himself if he can." (Id., p. 86, 199 P.2d p. 4.) We stated that under these or similar circumstances a defendant is ordinarily in a "far better position" to offer evidence to determine whether he or another defendant caused the injury.

> In Summers, we relied upon Ybarra v. Spangard (1944) 25 Cal.2d 486, 154 P.2d 687. There, the plaintiff was injured while he was unconscious during the course of surgery. He sought damages against several doctors and a nurse who attended him while he was unconscious. We held that it would be unreasonable to require him to identify the particular defendant who had performed the alleged negligent act because he was unconscious at the time of the injury and the defendants exercised control over the instrumentalities which caused the harm. Therefore, under the doctrine of res ipsa loquitur, an inference of negligence arose that defendants were required to meet by explaining their conduct.
>
> The rule developed in Summers has been embodied in the Restatement of Torts. (Rest.2d Torts, s 433B, subsec. (3).)  Indeed, the Summers facts are used as an illustration (p. 447).

Sindell v. Abbott Laboratories, 26 Cal. 588, 598-99, 607 P.2d 924, 928-29 (1980)(footnotes omitted).  The Restatement (Second) of Torts codifies Summers v. Tice:

> (3) Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.

Restatement (Second) of Torts § 433B.  As the Restatement (Second) of Torts codifies it, the rule of Summers v. Tice applies, therefore, where: (i) the plaintiff proves that multiple actors' conduct is tortious; (ii) the plaintiff proves that only one of those actors caused the plaintiff's harm;[1] and (iii) it is uncertain which of those actors harmed the plaintiff.  The policy concern that animates the rule "is the injustice of permitting proved wrongdoers, who among them have

---

[1] As the comment explains, the plaintiff bears the burden of proof on the first two prongs:

> *g*. The rule stated in Subsection (3) applies only where it is proved that each of two or more actors has acted tortiously, and that the harm has resulted from the conduct of some one of them. On these issues the plaintiff has still the burden of proof. The rule stated has no application to cases of alternative liability, where there is no proof that the conduct of more than one actor has been tortious at all. In such a case the plaintiff has the burden of proof both as to the tortious conduct and as to the causal relation.

Restatement (Second) of Torts § 433 cmt. g.

inflicted an injury upon the entirely innocent plaintiff, to escape liability merely because the nature of their conduct and the resulting harm has made it difficult or impossible to prove which of them has caused the harm." Restatement (Second) of Torts § 433 cmt. f.

The rule does not apply in this case. The evidence is not that: (i) both the Santa Fe Applebee's Neighborhood Grill & Bar and the Santa Fe Blue Corn Café overserved Ruiz or Mendoza; (ii) only one of those two acts of overservice caused the Plaintiffs' harm; and (iii) that the sheer difficulty of proof makes it impossible for the Plaintiffs to prove which one caused their harm, thereby justifying shifting the burden of proof on the last prong to a Defendant. The parties dispute: (i) whether and to what extent the Santa Fe Applebee's Neighborhood Grill overserved Ruiz or Mendoza; (ii) whether and to what extent Ruiz consumed alcohol from the vodka bottle in his truck; and (iii) the effect of the elapsed time between when the Santa Fe Applebee's Neighborhood Grill served Ruiz and Mendoza, and when the accident occurred. Because this case does not involve the peculiar problems of proof that Summers v. Tice addresses, this case does not fall within Summers v. Tice's rule.

Restatement (Second) of Torts § 432(2) also does not apply, because it is not the case that each alleged act of overservice would, itself, be sufficient to bring about the harm that the Peshlakai family suffered. That section provides: "(2) If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence may be found to be a substantial factor in bringing it about." Restatement (Second) of Torts § 432(2). As the case illustrations that accompany § 432(2) underscore, the rule addresses one of the classic problems in torts:

> 3. Two fires are negligently set by separate acts of the A and B Railway Companies in forest country during a dry season. The two fires coalesce before

setting fire to C's timber land and house. The normal spread of either fire would have been sufficient to burn the house and timber. C barely escapes from his house, suffering burns while so doing. It may be found that the negligence of either the A or the B Company or of both is a substantial factor in bringing about C's harm.

4. The same facts as in Illustration 3, except that the one fire is set by the negligence of the A Company and the other is set by a stroke of lightning or its origin is unknown. It may be found that the negligence of the A Company is a substantial factor in bringing about C's harm.

Restatement (Second) of Torts § 432(2) cmt. d, illus. 3 & 4.

One could imagine a dramshop case that would satisfy this standard. Such a case might arise where, for example, two bartenders at the same bar simultaneously serve an apparently intoxicated patron whom the bartenders know to be intoxicated, and the patron later drives drunk and injures a third party.[2] In this hypothetical, the ordinary effects of each bartender's decision would be sufficient to bring about the third party's harm, but it would be impossible to determine which alcohol harmed the third party. In that situation, it might be appropriate to change the causation instruction to eliminate the but-for requirement.

---

[2] Such a hypothetical would not give rise to a case under the Liquor Liability Act, because that act would provide a cause of action against the licensee and not against individual employees. See N.M. Stat. Ann. § 41-11-1(A). The Court includes the hypothetical only to identify a situation in which an alternate causation instruction would be appropriate and not to suggest that the Liquor Liability Act provides a remedy against individual bartenders. A similar situation might arise under the social-setting provision of the Liquor Liability Act, which provides:

> No person who has gratuitously provided alcoholic beverages to a guest in a social setting may be held liable in damages to any person for bodily injury, death or property damage arising from the intoxication of the social guest unless the alcoholic beverages were provided recklessly in disregard of the rights of others, including the social guest.

N.M. Stat. Ann. § 41-11-1(F). One could imagine, for example, a fraternity party where multiple fraternity leaders simultaneously recklessly, in disregard of the rights of others, overserve a party guest, and the guest later drives drunk and injures a third party. There, again, the ordinary effects of each fraternity leader's decision would be sufficient to bring about the third party's harm, but it would be impossible to determine which alcohol harmed the third party.

This case is not, however, such a case. Given the lapse of time between the service at each restaurant and the different quantities of alcohol served at each restaurant, this case is not a case where the normal effects of both the Santa Fe Applebee's Neighborhood Grill's alleged overservice and the Blue Corn Café's alleged overservice would each, of itself, have been sufficient to harm the Plaintiffs, but their effects coalesced into a single force that resists disaggregation, thus rendering proof that any one of the two forces was the but-for cause of the Plaintiffs' injuries difficult or impossible. The evidence in this case is not that the alleged overservice at the Santa Fe Applebee's Neighborhood Grill would have been sufficient, standing alone, to bring about the Peshlakai family's injuries; the evidence is that the alleged overservice at the Santa Fe Applebee's Neighborhood Grill, combined with later and greater overservice at Blue Corn Café, caused the Plaintiffs' injuries. That fact takes this case outside of the "two fires" scenario, instead leaving the jury with a classic comparative fault dispute involving sequential alleged tortfeasors.

With this backdrop in mind, one sees that this case does not implicate the policy justifications that animate the "two fires" cases. In the "two fires" hypothetical, neither fire is a "but-for" cause of the harm: by stipulation, either fire, without the other fire, would have caused the harm. A "but-for" instruction would prevent those harmed from ever recovering against those responsible for either fire. That rule would be, under the Restatement and New Mexico law, unfair to the harmed party; as a result, courts alter the rule. By contrast, no such unfairness is at work in this case. "But-for" causation requires the Plaintiffs to prove, not only that AmRest, LLC overserved James Ruiz and Gilbert Mendoza, but that, without its overservice, the Peshlakai family would not have been harmed. That Blue Corn Café later allegedly overserved Ruiz and Mendoza complicates the causation picture, but not because it is impossible to prove --

instead, it is because it remains disputed whether AmRest, LLC's alleged overservice had anything to do with the harm that Ruiz and Mendoza inflicted on the Peshlakai family later that night. There is no sound reason to think that the Plaintiffs cannot make their case using traditional methods of proof.

With this backdrop in mind, it is useful to identify the two situations that the Committee Commentary suggests may justify altering the causation instruction:

> The committee feels that the but-for clause may be unnecessary or inappropriate in particular cases, such as when the plaintiff cannot show, more likely than not which one of multiple negligent acts was the cause of injury, e.g., Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1 (1948), or when multiple acts each may be a cause of indivisible injury regardless of the other(s). E.g., Restatement (Second) of Torts, Section 432(2). In the former situation, it will be for the trial court to decide whether the burden of proof on causation may be more appropriately shifted to the defendant; in the latter situation, the trial court might determine that the "cause-in-fact" element of causation is more adequately expressed through use of the terms "contributes to bringing about", "explanation for", "the reason that". The present instruction leaves these issues for determination by the trial court, in each case pending controlling guidance from the Court.

UJI 13-305 NMRA, Committee Commentary. As the Court has explained, neither of those situations presents itself in this case.

In sum, this case does not implicate the peculiar problems of proof that Summers v. Tice or the Restatement (Second) of Torts § 432(2) addresses. It is, instead, a classic comparative fault dispute that is susceptible to traditional methods of proof. Accordingly, the concerns that the Committee Commentary raises do not require the Court to depart from the traditional causation instruction.

**IT IS ORDERED** that the request in the Letter from Scott Hendler to the Court, dated April 29, 2014, filed April 29, 2014 (Doc. 381), that the Court alter the traditional causation instruction is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Zackeree S. Kelin
Philomena M. Hausler
Kelin Law Firm
Albuquerque, New Mexico

--and--

Scott M. Hendler
Sean M. Lyons
Hendler Law, P.C.
Austin, Texas

    *Attorneys for the Plaintiffs*

Jeff Ray
Ray McChristian & Jeans, P.C.
El Paso, Texas

--and--

W. Mark Mowery
Jose R. Blanton
Glenn A. Beard
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant AmRest, LLC*

Edward Shepherd
Allen, Shepherd, Lewis & Syra, P.A.
Albuquerque, New Mexico

--and--

Shannon A. Parden
Deena Buchanan Williams
Olsen Parden Williams, P.C.
Albuquerque, New Mexico

 *Attorneys for Defendant Applebee's International, Inc.*