## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVID PESHLAKAI, DARLENE THOMAS,
CHARLES REYNOLDS AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATES OF DEL LYNN PESHLAKAI
(DECEASED) AND DESHAUNA PESHLAKAI
(DECEASED), DANELL PESHLAKAI, DARNELL
PESHLAKAI, SHAWN BEGAY, DELACEY
PESHLAKAI, and DAVID PESHLAKAI, JR.,

       Plaintiffs,

vs.                                                                  No. CIV 13-0752 JB/ACT

JAMES RUIZ, GILBERT MENDOZA, AMREST, LLC
d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,
and APPLEBEE'S INTERNATIONAL, INC.,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiffs' motion for judgment as a

matter of law on Defendant AmRest, LLC's comparative-fault claim against Defendant

Applebee's International, Inc., which the Plaintiffs argued orally on April 29, 2014, during the

trial, held April 21, 2014 through April 30, 2014.  The Court will deny the motion and allow

AmRest, LLC's comparative-fault allegation against Defendant Applebee's International, Inc. to

go to the jury.  AmRest, LLC, of course, has the burden of proof on this issue.  Nonetheless,

considering the record as a whole, the Court believes that there is sufficient evidence that the

jury could find that Applebee's International failed to adopt, implement or enforce responsible

service of alcohol policies, and that this failure, to some degree, caused the Plaintiffs' injuries.

Evidence and testimony has identified certain policies that Applebee's International developed

that AmRest, LLC used in its restaurants.  Although AmRest, LLC continues to believe that

those policies were effective, it is entitled to tell the jury that, if the jury disagrees, it should also decide what percentage of fault for the harm that those policies caused lies with Applebee's International.

The comparative-fault allegation does not, as the Plaintiffs suggest, implicate vicarious liability. AmRest, LLC's allegation is not that Applebee's International is _vicariously_ liable for AmRest, LLC's service to Ruiz and Mendoza; its allegation is that Applebee's International is _directly_ liable for failing to adopt, implement or enforce responsible service of alcohol policies. Accordingly, the allegation does not implicate vicarious liability, and AmRest, LLC did not need to introduce evidence that would tend to show that Applebee's International controlled AmRest, LLC.

Accordingly, the Court will deny the Plaintiffs' request.

**IT IS ORDERED** that the Plaintiffs' motion for judgment as a matter of law as against Defendant AmRest, LLC's comparative-fault claim against Defendant Applebee's International, Inc., is denied.

_____
UNITED STATES DISTRICT JUDGE

_Counsel:_

Zackeree S. Kelin
Philomena M. Hausler
Kelin Law Firm
Albuquerque, New Mexico

--and--

Scott M. Hendler
Sean M. Lyons
Hendler Law, P.C.
Austin, Texas

    *Attorneys for the Plaintiffs*

Jeff Ray
Ray McChristian & Jeans, P.C.
El Paso, Texas

--and--

W. Mark Mowery
Jose R. Blanton
Glenn A. Beard
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant AmRest, LLC*

Edward Shepherd
Allen, Shepherd, Lewis & Syra, P.A.
Albuquerque, New Mexico

--and--

Shannon A. Parden
Deena Buchanan Williams
Olsen Parden Williams, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Applebee's International, Inc.*